08-5835-cv
Brady v. Wing

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
> GERARD E. LYNCH,
> > Circuit Judge,
> DENNY CHIN,[*]
> > District Judge.[**]

_____

Edward J Brady, Of Ferrisburgh, Addison County, Rosemary B. Brady, Of Ferrisburgh, Addison County,

> Plaintiffs-Appellants,

> v.

Joan Loring Wing, of Rutland, Rutland County, Lisa Chalidze, of Benson, Rutland County, Pietro J. Lynn, of South Burlington, Chittenden County, Lynn, Thomas & Mihalich, P.C., a Vermont corporation with principal place of business in Burlington, Chittenden County, Gregory Clayton, of Barnet, Caledonia County, Aten Clayton & Eaton PLLC, a foreign corporation with principal place of Business in Littleton, New Hampshire, One Beacon Insurance Group, Ltd., a foreign corporation with principal place of Business in Canton, Massachusetts, York Insurance Company of Maine, a foreign corporation with principal place of Business in Canton, Massachusetts, J.W. & D.E. Ryan, Inc., a Vermont corporation with principal place of Business in Vergennes, Addison County, Peerless Insurance Company, A foreign corporation with principal place of business in Keene, New Hampshire,

> Defendants-Appellees.

_____

_____

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Honorable Rosemary S. Pooler, originally a member of this panel, did not participate in the consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

FOR PLAINTIFFS-APPELLANTS: Edward J. Brady and Rosemary B. Brady, *pro se*, Vergennes, Vermont.

FOR DEFENDANTS-APPELLEES: Kaveh S. Shahi, Attorney for Defendant-Appellee Lisa Chalidze, Clearly, Shahi & Aicher, P.C., Rutland, Vermont; Robert B. Hemley and Paul A. Kearney, Attorneys for Defendants-Appellees Gregory Clayton and Aten, Clayton & Eaton, PLLC, Gravel and Shea, Burlington, Vermont; Robert A. Mello, Attorney for Defendant-Appellee Joan Loring Wing, Law Office of Robert A. Mello, PLC, South Burlington, Vermont; John E. Brady, Attorney for Defendants-Appellees OneBeacon Insurance Group, Ltd. and York Insurance Company of Maine, Brady & Callahan, P.C., Springfield, Vermont; Shapleigh Smith, Jr., Attorney for Defendants-Appellees Pietro J. Lynn and Lynn, Thomas & Mihalich, Dinse Knapp & McAndrew, P.C., Burlington, Vermont; Richard J. Windish, Attorney for Defendant-Appellee J.W. & D.E. Ryan, Inc., Haynes & Windish, P.C., Woodstock, Vermont.

Appeal from the United States District Court for the District of Vermont (William K. Sessions, III, *Chief Judge*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED**.

Appellants Edward and Rosemary Brady appeal from the district court's judgment dismissing their complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 79-80 (2d Cir. 2005). "A case is properly dismissed for lack of subject matter jurisdiction under [Fed. R. Civ. P.] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v.

United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff asserting jurisdiction has the burden of proving that jurisdiction exists by a preponderance of the evidence.  Id.

Having conducted an independent and de novo review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned opinion.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

SAO-ARW