Jeanina CELESTINE, Plaintiff–Appellant,

v.

**MOUNT VERNON NEIGHBORHOOD HEALTH CENTER, United States of America, Defendants–Appellees.**

No. 04–0839–CV.

United States Court of Appeals, Second Circuit.

Argued: Nov. 18, 2004.

Decided: March 31, 2005.

Michael P. Bloomfield, Bronx, NY, for Plaintiff–Appellant.

Lara K. Eshkenazi, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (David S. Jones, on the brief), for Defendants–Appellees.

Before: OAKES, CALABRESI, and STRAUB, Circuit Judges.

CALABRESI, Circuit Judge.

## I. Introduction

Plaintiff–Appellant Jeanina Celestine ("Celestine") began this action on September 3, 2002 by filing a summons in the New York State Supreme Court, Westchester County. In her summons, she indicated that she was seeking damages arising out of negligence and malpractice on the part of Mount Vernon Neighborhood Health Center ("Mount Vernon"), where she had been a patient. Celestine duly served notice of her summons, but Mount Vernon did not respond. Celestine then moved for a default judgment on April 24, 2003. Again, Mount Vernon did not reply.

On May 30, 2003, the U.S. Department of Health and Human Services ("HHS") advised the United States Attorney's Office for the Southern District of New York of Celestine's pending state court suit and recommended that the suit be removed to federal court. Although Celestine contends that she did not know it at the time, Mount Vernon was a federally funded health care provider and, as such, was classified as an employee of the Public Health Service and, therefore, for purposes of tort claims, of the United States.

The United States Attorney, having been notified of Celestine's suit, certified on June 12, 2003, that under 28 U.S.C. § 2679, Mount Vernon was acting within the scope of its defined employment as an employee of the United States at the time of the alleged malpractice and that, pursuant to 42 U.S.C. § 233(g), any claims against Mount Vernon would have to be brought in accordance with the Federal Tort Claims Act ("FTCA"). That same day, the United States Attorney removed the action from state court to the Southern District of New York. On September 19, 2003, the United States Attorney moved for an order substituting the United States

as the defendant in Celestine's suit and, upon substitution, dismissing the action for lack of subject matter jurisdiction. The Government based its motion for dismissal on the ground that Celestine had failed to exhaust her administrative remedies as required under the FTCA.

Celestine opposed the Government's motion and cross-moved, asking the district court to remand her suit to state court. She did not contend that she had exhausted her administrative remedies; nor did she dispute the fact that Mount Vernon qualified as a federal entity for FTCA purposes. Rather, Celestine asserted that the United States Attorney's certification of Mount Vernon as an employee of the United States was untimely. She argued that under 42 U.S.C. § 233(*l*), which was added as part of the 1995 revisions [1] to the Public Health Service Act of 1944,[2] the Attorney General of the United States (and his designees, including United States Attorneys) has only fifteen days from the time he is notified of a state court proceeding against a federally funded health care provider to certify that the provider is an employee of the United States. Celestine did not at this point—or, for that matter, at any other time—try to exhaust her administrative remedies under the FTCA.

On October 28, 2003, holding that neither the act of certification nor the motion to remove the case to federal court was untimely, the district court (McMahon, *J.*) granted the Government's motion to substitute the United States as defendant and denied Celestine's cross-motion. Then, finding that Celestine had failed to exhaust her administrative remedies as required by the FTCA, the district court dismissed Celestine's complaint. Specifically, the district court (1) held that the United States Attorney's certification and removal were timely under 42 U.S.C. § 233(c), which permits certification and removal *at any time before* the commencement of a state trial, and (2) rejected what it called Celestine's assertion that the Attorney General had only fifteen days to appear. The court stated that the "plain language of the statute does not support [Celestine's] interpretation that if the Attorney General fails to appear within 15 days of being notified of the suit, he permanently forfeits the ability to remove an action [from] state court once a determination regarding scope of employment has been made." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 289 F.Supp.2d 392, 398 (S.D.N.Y.2003).

Celestine appeals. She claims that the district court (1) erred in failing to recognize that 42 U.S.C. § 233(*l*), which gives the Attorney General fifteen days from receipt of notice to certify defendants as employees of the United States, supersedes § 233(c), which instead permits the Attorney General to certify defendants as employees of the United States at any time prior to when a state court trial begins; and (2) erred in requiring her to exhaust her administrative remedies prior to seeking relief in federal district court.

## II. Discussion

### A. *Standard of Review and Positions of the Parties*

■ We review the dismissal of a complaint for lack of subject matter jurisdic-

---

**1.** *See* Federally Supported Health Centers Assistance Act of 1995, Pub.L. No. 104–73, 109 Stat. 777, codified in relevant parts at 42 U.S.C. § 233(g)-(n); *see also El Rio Santa Cruz Neighborhood Health Ctr. v. United States*, 396 F.3d 1265, 1267 (D.C.Cir.2005) ("In enacting the [1995 Act], Congress extended FTCA coverage for Public Health Service employees to public or non-profit private entities receiving federal funds under the [Public Health Service Act]. . . .").

**2.** *See* Public Health Service Act of 1944, 58 Stat. 682, codified at 42 U.S.C. § 201 *et seq.*

tion *de novo. See Wake v. United States,* 89 F.3d 53, 57 (2d Cir.1996); *McCarthy v. Navistar Fin. Corp. (In re Vogel Van & Storage, Inc.),* 59 F.3d 9, 11 (2d Cir.1995).

As noted above, Celestine argues that 42 U.S.C. § 233(*l*) limits the time in which the Attorney General may certify a defendant as a federal entity, remove the case to federal court, and substitute the United States for the named party.[3] She additionally asserts that, even if removal was timely, her suit should not have been dismissed for failure to exhaust administrative remedies. The Government contends that there is no basis for interpreting § 233(*l*) as replacing § 233(c), that certification under § 233(c) was appropriate, and, more generally, that § 233(c) provides an entirely separate basis for certification, different and additional to that which is prescribed by § 233(*l*). Moreover, the Government argues that even if § 233(*l*) were controlling, the United States "did, in fact, remove the action [fewer] than fifteen days after the Justice Department received notice of the action."

B. *Statutory Background and Timeliness of Certification Under § 233(c).*

The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Gov-

ernment while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); 42 U.S.C. § 233(a); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 107 (2d Cir.2000) ("[42 U.S.C. § ] 233(a) makes the Federal Tort Claims Act the exclusive remedy for specified actions against members of the Public Health Service . . . .").

In instances where a tort action is brought against a federally funded public health center (construed as an employee of the United States under the Public Health Service Act of 1944 and the Federally Supported Health Centers Assistance Act of 1995) for conduct within the scope of its federal employment, the Attorney General (or, once again, one of his designees) may certify that the health center was indeed acting as a federal employee at the time of the incident.[4] *See* 28 U.S.C. § 2679(d).

Upon certification, the action may then be removed to federal court. *See* 28 U.S.C. § 2679(d)(2). Once such a case is removed, the United States can replace the named defendant as the allegedly liable party—and the case proceeds as a FTCA suit. *See* 42 U.S.C. § 233(b).

In terms of the mechanics of certification and removal, 42 U.S.C. § 233(c) provides that

---

**3.** In this appeal, as before the district court, Celestine challenges the timeliness only of the certification; she does not argue that either the removal or the substitution was untimely.

**4.** As was the case in the proceedings before the district court, Celestine does not dispute that Mount Vernon qualifies as a federal em-

ployee under 42 U.S.C. §§ 233(a), 233(g)(1)(A), 233(h), nor does she challenge that the United States would be entitled to replace Mount Vernon in these proceedings, provided that it did so in a timely fashion pursuant to 42 U.S.C. § 233(*l*).

[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . at any time before trial by the Attorney General.

And, 42 U.S.C. § 233(*l*) states that

(1) If a civil action or proceeding is filed in State court against any entity described in subsection (g)(4) of this section[5] . . . the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined . . . that such entity . . . is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity . . . was acting within the scope of [its] employment or responsibility.

(2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or . . . employee . . . of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action . . . shall be stayed in such court until such a court conducts a hearing, and makes a determination, as to the appropriate forum.

■ Celestine would have us read § 233(*l*) as supplanting § 233(c) and, therefore, have us limit the Attorney General to a fifteen-day window within which to certify a defendant as a federal entity. But, to do so would defy the plain language and import of the statute. We instead conclude that § 233(*l*) establishes additional certification opportunities for federally funded health centers beyond those granted by § 233(c). Notably, while § 233(*l*)(2) permits federally funded health centers to hasten the certification process by acting *on their own* if the Attorney General does not act within fifteen days after receiving notice, § 233(c) remains a viable avenue for certification and removal by the Attorney General, even after those fifteen days—provided that the Attorney General acts before the beginning of the state court trial.[6]

The Federally Supported Health Centers Assistance Act of 1995, which included what is now § 233(*l*), did nothing to suggest that a change or dilution of the independent meaning of § 233(c) was intended. No limiting language was added indicating that § 233(*l*) was to be the exclusive certification option for federally funded health care providers. To the contrary, § 233(*l*)(1) unambiguously states that the Attorney General's appearance before the court shall be deemed to "*satisfy*" the provisions of § 233(c). *Cf. Allen v. Christenberry*, 327 F.3d 1290, 1294–95 (11th Cir. 2003) (indicating that the § 233(*l*) notification process "also amounts to a certification" and has the purpose of "effectively certifying" that the employee was acting within the scope of federal employment).

---

5. 42 U.S.C. § 233(g)(4) is limited to public or non-profit private entities receiving federal funds. *See also* 42 U.S.C. § 254b.

6. Although this precise question is not before us, we note that one other circuit has declined to impose a requirement on the Attorney General to act "promptly" in certifying and removing suits against federally funded public health providers under 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c). *See McLaurin v. United States*, 392 F.3d 774, 780 (5th Cir. 2004).

The fact that § 233(*l*)(1) itself says that compliance with its terms also serves to "satisfy the provisions of subsection (c)" makes clear beyond peradventure that § 233(c) was not meant to be abrogated by § 233(*l*)(1).

■ The Government can, therefore, choose to remove a case from state court by proceeding pursuant to § 233(c). (If so, the Attorney General, or his designee, must, at any time before the state trial begins, formally certify the status of the named defendant as a federal employee.) Alternatively, the Attorney General may act under § 233(*l*)(1) by appearing in court—within fifteen days of receiving notice of a suit—and advising the court that the HHS Secretary has deemed the defendant to be an employee of the United States. *Cf. id.* at 1295. Finally, a named defendant can, pursuant to § 233(*l*)(2), petition the federal district court—after fifteen days have elapsed since the Attorney General was first notified of the suit—for a hearing to determine whether the named defendant can be certified to be a federal employee for FTCA purposes.

■ In the case before us, the United States Attorney, before a state court trial began, certified that Mount Vernon was an employee of the United States and sought removal to federal court. In doing so, it complied in a timely fashion with the requirements of § 233(c).[7]

### C. *Exhaustion of FTCA Remedies*

■ Having found the Government's certification and removal to be timely, we turn to Celestine's second argument, that the district court should not, in any event, have dismissed her suit for failure to exhaust administrative remedies. The

FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). As the statute states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government ... *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing.... The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a *final* denial of the claim for purposes of this section.

28 U.S.C § 2675(a) (emphasis added).

■ This requirement extends to all suits, including those begun in state court. "[A]ny action ... [removed from state court under the FTCA] shall proceed in the same manner as any action against the United States ... and shall be subject to the limitations and exceptions applicable to those actions." 28 U.S.C. § 2679(d)(4).

Celestine nevertheless contends that the exhaustion requirement prescribed by the FTCA should be eased in circumstances where a suit is originally brought (1) in state court against (2) a defendant who is not readily identified as a federal employee. Celestine argues that when a plaintiff does not have reason to know that his

---

7. Because § 233(c) provides an adequate and independent ground for timely certification under the Public Health Service Act, we need not address whether, in the instant case, the Government acted within the fifteen-day window described in § 233(*l*)(1).

state court suit, in fact, lies only against the United States and can, therefore, be removed to federal court, it is unfair to require the unwitting claimant to exhaust FTCA administrative remedies before bringing the suit. In support of this position, she relies on our decision in *Kelley v. United States,* 568 F.2d 259 (2d Cir.1978). In *Kelley,* we noted that

> [i]n exactly the most excusable and understandable case—the case of the plaintiff who sues in ignorance of the fact that the defendant was a federal driver operating within the scope of his employment—requiring an administrative filing [would] produce[ ] the most unjust refinement of interpretation: the plaintiff must have filed a [federal administrative] claim that he did not know he had; [on pain of having] his suit ... dismissed.

*Id.* at 266. To prevent this injustice, we held that the administrative-exhaustion requirement, which must be satisfied before filing a FTCA suit, did not necessarily apply to tort actions initially brought in state court but then removed to federal court. *See id.* at 265–68.

The concern that we articulated in *Kelley* has, however, been allayed by subsequent amendments to the FTCA. In 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act (the "Westfall Act"), Pub.L. 100–694, 102 Stat. 4563 (1988), which expressly provided that while the administrative-exhaustion requirement would apply to all actions, *even those removed from state court,* plaintiffs would be given an opportunity, after the removal, to exhaust those remedies. Specifically, the revised FTCA ensures that state court actions removed to federal court will still be considered timely if (1) the claim would have been timely had it been filed on the date that the underlying civil action was commenced, and (2) the

claim is presented to the relevant Federal administrative agency within sixty days *after* the dismissal of the civil action. 28 U.S.C. § 2679(d)(5).

As a result of the Westfall Act, the Government questions whether our *Kelley* decision perdures. And, a vast majority of district courts in our circuit that have addressed this issue have in fact held that these 1988 amendments to the FTCA render *Kelley*'s efforts to carve out an exception to the exhaustion requirement for suits originally brought in state court unnecessary and, hence, no longer in force. *See, e.g., Nin v. Liao,* 2003 WL 21018816, (S.D.N.Y. May 5, 2003) 2003 U.S. Dist. LEXIS 7521, at *12–*13; *Bueno v. Sheldon,* 2000 WL 565192 (S.D.N.Y. May 9, 2000), 2000 U.S. Dist. LEXIS 6232, at *9–*10; *Filaski v. United States,* 776 F.Supp. 115, 116–17 (E.D.N.Y.1991); *see also Z.B. v. Ammonoosuc Cmty. Health Servs., Inc.,* 2004 WL 1571988 (D.Me. June 13, 2004), 2004 U.S. Dist. LEXIS 13058, at *29 n. 6; *Bewley v. Campanile,* 87 F.Supp.2d 79, 81 (D.R.I.2000); *Perry v. United States,* 101 F.Supp.2d 1354, 1356 (D.Kan.2000). *But see Davis v. Geneva B. Scruggs Cmty. Health Care Ctr. Inc.,* 1998 WL 401649 (W.D.N.Y. June 29, 1998), 1998 U.S. Dist. LEXIS 10776, at *8–*10 (endorsing—without much explanation—the viability of *Kelley* ).

To the extent that *Kelley* created a broad exception to the pre-filing exhaustion requirement for actions originally brought in state court, we agree that *Kelley* can no longer be valid. The Westfall Act not only clarifies that *all* suits against the United States, including those originating in state court against defendants yet to be formally replaced by the United States, must be subject to the administrative-exhaustion requirements specified in 28 U.S.C. § 2675, but it also addresses the chief problem that troubled us in *Kelley.*

Under the FTCA, as amended by the Westfall Act, a plaintiff like Celestine can file an *administrative* claim within sixty days following the district court's dismissal, and her claim in federal court would be treated—for statute-of-limitations purposes—as if it had been filed on September 3, 2002, the date that the original suit was filed in state court. It would, therefore, seem that the unfairness that motivated *Kelley* was remedied by the Westfall Act.

That Act, however, leaves unresolved a corollary problem noted in *Kelley*. The 1988 Act provides that a suit will be considered timely only if the claim would have been timely had it been brought in federal court on the same date that it was actually filed in state court. 28 U.S.C. § 2679(d)(5). If, however, the federal statute of limitations is shorter than the state statute, a plaintiff (reasonably thinking that he has a state law claim) may well bring suit within the state statute-of-limitations window, and yet be outside of the federal one. Such a plaintiff would find himself barred under the Westfall Act. And, just as it seemed unfair to the *Kelley* court to apply an administrative-exhaustion requirement to a plaintiff who brought suit in state court (reasonably thinking it to be the proper venue), it is similarly unjust to treat such a timely state suit as federally barred. For that plaintiff, the Westfall Act provides no salve.

Given this and other like possibilities, we cannot say that *Kelley* has been entirely superseded by the Westfall Act. To the extent that federal-state disparities in statutes of limitations yield results—akin to the pre-Westfall Act exhaustion prerequisites—in FTCA suits brought originally in state court by plaintiffs who were unaware that the named tortfeasor was acting as an agent of the United States, the reasoning of *Kelley* perdures, and that reasoning may well require equitable tolling [8] in instances where there is a shorter federal statute of limitations, and the difference between these statutes of limitations is determinative of whether the suit can proceed.

In the case before us, however, no equitable relief is warranted. Celestine has concededly failed to exhaust her administrative remedies—even within sixty days after dismissal of her federal suit—as required by the Westfall Act. It is this failure to exhaust that bars her claim, and would continue to bar it even if any possible unjust effects of disparities between state and federal statutes of limitations were remedied by equitable tolling. Accordingly, we agree with the district court that the suit must be dismissed for lack of subject matter jurisdiction.

## III. Conclusion

Since the Government certified Mount Vernon as an employee of the United

---

8. In *Gonzalez v. United States*, 284 F.3d 281 (1st Cir.2001), the First Circuit required a due-diligence showing that the plaintiff made inquiries, albeit unsuccessful ones, "as to the status of the defendants as federal employees," before it would consider a claim for equitable tolling of a suit not dissimilar to Celestine's. *See id.* at 291. It held that "[a]lthough the plaintiff did not know the federal status of the defendants at the time of her [medical] treatment, she and her attorneys had two years to ascertain the legal status of the doctors and could easily have learned it. Instead, they simply assumed that this was a state case and failed to make any inquiries whatsoever to confirm their assumption." *Id.; cf. Gould v. U.S. Dep't Health & Human Servs.*, 905 F.2d 738, 744–46 (4th Cir.1990) (en banc) (implying that plaintiff has affirmative duty to investigate whether tortfeasor is an agent of the United States). We express no view on whether such a due-diligence showing—not required by *Kelley* or its reasoning—should apply in a post-Westfall Act situation.

States in a timely fashion, and the federal suit was properly dismissed for lack of subject matter jurisdiction, we AFFIRM the decision of the district court.