**Stephen J. WALKER, Plaintiff–Appellant,**

v.

**State of NEW YORK, State of New York Office of Temporary and Disability Assistance, State of New York Department of Taxation and Finance and Sandra C. Walker, Defendants–Appellees.**

**Docket No. 05–0229.**

United States Court of Appeals, Second Circuit.

Sept. 21, 2005.

Stanley Charles Thorne, Houston, Texas (Michael Varble, Mohegan Lake, New York, on the brief), for Appellant.

Patrick J. Walsh, Assistant Solicitor General Michelle Aronowitz, Deputy Solicitor General, on the brief, for Eliot Spitzer, Attorney General of the State of New York, New York, New York, for Appellees.

Present: MINER, RAGGI, Circuit Judges, and KARAS, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, dated November 22, 2004, and entered on November 29, 2004, is hereby AFFIRMED.

Plaintiff Stephen J. Walker, who in the course of divorce litigation had been ordered by a New York State Supreme Court to make *pendente lite* payments for the maintenance of his wife and support of his children, filed this federal action to challenge the constitutionality of the state statutory scheme authorizing such payments. He now appeals the district court's dismissal of his lawsuit pursuant to *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (the *"Rooker–Feldman* doctrine"). *See Walker v. State of New York*, 345 F.Supp.2d 283 (E.D.N.Y.2004). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

We review a judgment of dismissal *de novo. See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79–80 (2d Cir.2005). In considering the district court's *Rooker–Feldman* dismissal, we are mindful that the Supreme Court has recently clarified the scope of that doctrine, specifically cautioning courts not to confuse it with "preclusion," which may provide a separate ground for dismissal of parallel litigation, but which "is not a jurisdictional matter." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, — U.S. —, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005); *see also Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (2d Cir.2005). Because Walker asserts that his federal suit presents an independent claim from those raised in his state court challenges to the *pendente lite* orders, *see Walker*, 345 F.Supp 2d at 292—an argument challenged by defendants—we would normally have to determine whether a jurisdictional dismissal pursuant to *Rooker–Feldman* was appropriate, or whether further consideration of state preclusion law is necessary in this case. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77 (*"Exxon Mobil* teaches that the narrow *Rooker–Feldman* inquiry is distinct from the question whether claim preclusion (res judicata) or issue preclusion (collateral estoppel) will defeat a federal plaintiff's suit.").

We need not do so in this case, however, because defendants correctly point to an-

---

other ground for jurisdictional dismissal, the Eleventh Amendment, *see* U.S. Const. amend. XI, which "render[s] states and their agencies immune from suits brought by private parties in federal court," unless Congress unequivocally expresses its intent to abrogate that immunity or a state waives its immunity. *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir.2004). This jurisdictional bar applies "whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). In this federal action, Walker sues the State of New York and two of its agencies. (He also names his ex-wife as a defendant, but it appears that she is named simply as a party with an interest in *pendente lite* payments from Walker; the complaint states no claim against her). He does not name any state official as a defendant so as to present a possible exception to Eleventh Amendment immunity pursuant to *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *see Santiago v. New York State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir.1991). Walker does not—and could not—contend that Congress has abrogated or that New York has waived its sovereign immunity with respect to the challenge he raises in his complaint. Accordingly, the Eleventh Amendment bars his suit.

The district court's November 29, 2004 judgment of dismissal is hereby AFFIRMED.