09-3957-pr
Accolla v. United States Government

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:
　　　　　　RALPH K. WINTER,
　　　　　　PETER W. HALL,
　　　　　　　　*Circuit Judges*,
　　　　　　MIRIAM GOLDMAN CEDARBAUM,[*]
　　　　　　　　*District Judge.*

_____

Raymond W. Accolla,

　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　09-3957-pr

United States Government, Rocco Pozzi,
Commissioner, WCJ, Attending Physician,
WCJ, Gail Bailey, Medical Director, WCJ
and Westchester Medical Center,

　　　　　　*Defendants-Appellees*.

_____

[*]Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                              Raymond W. Accolla, *pro se*, Butner, North Carolina.

FOR UNITED STATES APPELLEES:     Preet Bharara, United States Attorney for the Southern District of New York, Joseph N. Cordaro, Sarah S. Norman, Assistant United States Attorneys, New York, New York.

FOR WESTCHESTER COUNTY APPELLEES:     Mary Lynn Nicolas, Westchester County Attorney's Office, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Appellant appeals from the district court's order dismissing claims pursuant to the Federal Tort Claims Act ("FTCA"), *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. We assume familiarity with the facts and proceedings below and the identification of issues on appeal.

This Court reviews *de novo* both a district court's dismissal of a complaint pursuant to Rule 12(b) and its grant of judgment on the pleadings pursuant to Rule 12(c), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *see Hardy v. New York City Health & Hospitals Corp.*, 164 F.3d 789, 792 (2d Cir. 1999); *Sheppard v. Beerman*, 18 F.3d 147, 152 (2d Cir. 1994). To state a claim, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007)).  This Court is required to construe *pro se* complaints liberally, *see Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009), and must read them with "special solicitude" and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam).

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The statute provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . .." 28 U.S.C. § 2401(b).  An FTCA claim accrues at the time of the plaintiff's injury, "although in certain instances, particularly in medical malpractice cases, accrual may be postponed until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its cause." *Barrett v. United States*, 689 F.2d 324, 327 (2d Cir. 1982); *see also Valdez v. United States*, 518 F.3d 173, 177 (2d Cir. 2008).

Here, Appellant's New York claims accrued, at the latest, in December 2004, and he did not file an administrative claim with the Bureau of Prisons until November 2007.  The district court properly concluded, therefore, that it lacked subject matter jurisdiction over the FTCA claims.  Given the well established general rule that a court of appeals will not consider an issue raised for the first time on appeal, we decline to reach Appellant's arguments, made for the first time on appeal, that FTCA exhaustion was not required because Appellant presented constitutional questions and the remedies were ineffective.  *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).

The district court properly dismissed the *Bivens* claim as time-barred, as any such claim accrued in 2004, was subject to a three-year statute of limitations, and the complaint was not filed until July 2008. *See Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations for a *Bivens* actions arising in New York is three years).

We have considered all of Appellants' arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk