10-5068-cv
Panchishak v. United States Department of Homeland Security

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand eleven.

**PRESENT:**

> **ROGER J. MINER,**
> **ROBERT D. SACK,**
> **PETER W. HALL,**
>> *Circuit Judges.*

_____

**Mycola Panchishak,**

> *Plaintiff-Appellant*,

> v.                                                         **10-5068-cv**

**United States Department of Homeland Security**
**Nebraska Service Center U.S.C.I.S.,**

> *Defendant-Appellee*.

_____


**FOR PLAINTIFF-APPELLANT:**          Mycola Panchishak, *pro se*, New City, NY.

**FOR DEFENDANT-APPELLEE:**          David Bober and Benjamin H. Torrence, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Mycola Panchishak, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint as moot to the extent that he sought mandamus relief to compel adjudication of his application for adjustment of his immigration status and for failure to state a claim and lack of subject matter to the extent that he sought *nunc pro tunc* relief and damages. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A district court's dismissal of a complaint for lack of subject matter jurisdiction is reviewed *de novo*. *See Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 79-80 (2d Cir. 2005).

Here, an independent review of the record and case law reveals that the district court properly dismissed Panchishak's complaint. Except as noted below, we affirm for substantially the same reasons stated in the district court's memorandum and order. *See Panchishak v. U.S. Dep't of Homeland Sec.*, No. 08cv6448 (WHP), 2010 WL 3958772 (S.D.N.Y. Sept. 22, 2010).

On appeal, Panchishak challenges the dismissal of his claim for *nunc pro tunc* relief. In the immigration context, the purpose of the *nunc pro tunc* doctrine is "to return aliens to the

2

position in which they would have been, but for a significant error in their immigration proceedings." *Edwards v. INS*, 393 F.3d 299, 309 (2d Cir. 2004). *Nunc pro tunc* relief ordinarily should be available in the immigration context where agency error would otherwise result in an alien being deprived of the opportunity to seek a particular form of relief. *Id.* at 310; *see also Iouri v. Ashcroft*, 487 F.3d 76, 87 (2d Cir. 2007).

Here, Panchishak's allegations did not suggest a plausible basis for *nunc pro tunc* relief. Panchishak's complaint sought *nunc pro tunc* relief to rectify the "error" of the United States Citizenship and Immigration Services ("CIS") of a then-ongoing five-year delay in processing his application to adjust to lawful permanent resident ("LPR") status, which he alleged had deprived him of the opportunity to apply for citizenship at the earliest possible time but for the delay. Because Panchishak subsequently was granted LPR status in 2009, there was no longer any impediment preventing him from applying for citizenship. Panchishak maintains that he was also deprived of the opportunity to petition to bring his now-adult daughter to the United States at an earlier time. However, as Panchishak himself acknowledges, he can still petition to bring his daughter to the United States, albeit he must now wait longer than if he had been granted LPR status before she turned 21. Indeed, Panchishak has filed such a petition, and the petition has been approved. Thus, in light of his grant of LPR status, it cannot be said that he has been deprived of the opportunity to seek immigration relief to the extent necessary sufficiently to state a plausible claim for *nunc pro tunc* relief. *See Edwards*, 393 F.3d at 310-11.

We have considered all of Panchishak's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3