15-2656-cv
*Phillips v. Generations Family Health Center*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand sixteen.

Present:    ROBERT A. KATZMANN,
                    *Chief Judge*,
              ROBERT D. SACK,
              PETER W. HALL,
                    *Circuit Judges*.

_____

CHRISTOPHER PHILLIPS,
Administrator for the Estate of Karen Cato,

          *Plaintiff-Appellant*,

          - v -                                                    No. 15-2656

GENERATIONS FAMILY HEALTH CENTER,

          *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          GERHARDT M. NIELSON, Pegalis & Erickson, LLC, Lake
                                              Success, NY (Vincent M. DeAngelo, Offices of Vincent
                                              DeAngelo, LLC, Weatogue, CT, *on the brief*).

For Defendant-Appellee:     DAVID C. NELSON (Lauren M. Nash & Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, Hartford, CT.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Christopher Phillips appeals from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*) granting summary judgment to the defendant on Phillips's medical malpractice claim. Phillips, as the administrator of Karen Cato's estate, sued Generations Family Health Center ("Generations") in Connecticut state court for failing to timely diagnose the colon cancer that caused Ms. Cato's death. As this Court discussed at length in a previous opinion, *Phillips v. Generations Family Health Center*, Generations "receives federal funding under the Public Health Service Act and has been 'deemed' a federal employee by the Department of Health and Human Services ('HHS')." 723 F.3d 144, 145 (2d Cir. 2013); *see* 42 U.S.C. § 233(g)-(n). After the case was removed to federal court, the district court concluded that Phillips had failed to file a timely claim with HHS as required by the Federal Tort Claims Act ("FTCA") and dismissed the case. *See Phillips v. Generations Family Health Ctr.*, No. 3:11-cv-1752 (VLB), 2012 WL 3580532, at *8, *11 (D. Conn. Aug. 17, 2012).

On appeal, this Court vacated the district court's judgment and remanded for further consideration of whether equitable tolling should be applied. *Phillips*, 723 F.3d at 155-56. Assuming without deciding that equitable tolling was available,[1] we found that the district court

---

[1] While this case was pending before the district court on remand, the United States Supreme Court issued its decision in *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015), holding that equitable tolling is available in FTCA cases. Accordingly, the government withdrew its argument in this case that tolling is not available.

had not considered whether Phillips's counsel "had reason to know that they should have investigated Generations's federal status." *Id.* at 149, 155 n.8. We advised the district court to "consider all of the relevant facts and circumstances—including whether the plaintiff should have known to investigate the issue—to determine, utilizing its own discretion, whether the plaintiff and lawyer were sufficiently diligent." *Id.* at 153.

On remand, the government renewed its motion to dismiss. The district court converted the motion into one for summary judgment with the parties' consent and granted it without oral argument, again dismissing the case without leave to file an administrative claim. Phillips now appeals, arguing that the district court erred in determining that his counsel should have known that Generations was a deemed federal employee, both because his attorneys engaged in reasonable diligence and because the government made no effort to publicize the fact that private health centers can be deemed federal employees.

Although we continue to find it troubling that the government has not publicized resources for determining whether a given healthcare center is a deemed federal employee, thus subjecting litigants to the "trap" this Court has discussed in several previous opinions, we affirm. *See, e.g.*, *id.* at 155; *Valdez ex rel. Donely v. United States*, 518 F.3d 173, 183 (2d Cir. 2008) ("The number of cases in which the United States has sought to take advantage of this trap suggests that it is aware of the consequences of its failure to disclose the material facts of federal employment by doctors who might reasonably be viewed as private practitioners."); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (characterizing the gap between state and federal statutes of limitations as leading to potentially "unjust" results).

As we discussed in our previous opinion in this case, "equitable tolling is 'applicable only in rare and exceptional circumstances.'" *Phillips*, 723 F.3d at 150 (quoting *A.Q.C. ex rel.*

3

*Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C.*, 656 F.3d at 144 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The plaintiff must also show that his lawyers were reasonably diligent in determining 'the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist.'" *Phillips*, 723 F.3d at 150 (quoting *A.Q.C.*, 656 F.3d at 145).

In rejecting equitable tolling in a case involving similar facts in *A.Q.C.*, a panel of this Court emphasized that the plaintiff "was represented by counsel who had previously confronted factually similar circumstances and therefore had specific notice of the fact that some ostensibly private doctors are deemed federal employees for purposes of medical malpractice claims under the FTCA." 656 F.3d at 146. In our earlier opinion in this case, we observed that "[h]ere, unlike in *A.Q.C.*, the parties presented no evidence that Phillips's law firm had any experience with situations in which seemingly private health providers turned out to be deemed federal employees." *Phillips*, 723 F.3d at 153. Following our remand, however, the government identified a case in which an attorney from Phillips's firm, Pegalis & Erickson, LLC, sued a deemed federal employee in state court before the case was removed to federal court. *See Sakif v. Bronx Lebanon Hosp. Ctr.*, No. 05-cv-7229 (S.D.N.Y.).

Although Phillips's attorney points out that he was not the lawyer representing the plaintiff in that case, our previous opinion stressed the experience of the law firm as a whole, not the particular attorney. *Phillips*, 723 F.3d at 153. Similarly, the *A.Q.C.* Court referred to the plaintiff's law firm, not her individual attorney at the firm. *See A.Q.C.*, 656 F.3d at 145 ("Fitzgerald & Fitzgerald, which advertises itself as 'a top firm in the medical malpractice field,'

had previous experience with this very issue. . . . Moreover, no extraordinary obstacle prevented *the Firm* from identifying [the health center's] federal status (and therefore the particular requirements for filing suit under the FTCA) in a timely way." (emphasis added)). Given the clear pronouncements in *A.Q.C.* about the importance of the firm's previous experiences, we are bound by precedent to deny equitable tolling here. The issue is not whether one lawyer's knowledge should automatically, as a matter of law, be imputed to everyone in her firm; rather, the issue is whether the firm's previous experience with this same problem is evidence that the firm should have been aware of the possibility that a healthcare provider could be a deemed federal employee, and, thus, should have checked the appropriate public resources. As the Court stated in *A.Q.C.*:

> It is hard to understand why any lawyer—*let alone a lawyer at a firm specializing in medical malpractice with specific prior acquaintance with this issue*—would not investigate the federal nature of potential defendants as part of standard due diligence in every medical malpractice case. Having neglected to take that simple step, the Firm cannot now argue that it diligently pursued this claim on A.Q.C.'s behalf.

*A.Q.C.*, 656 F.3d at 145 (emphasis added).

Moreover, Phillips's counsel could have discovered Generations's deemed status by performing a simple search through Westlaw, as a previous case in the District of Connecticut explicitly discussed Generations's status. *See Montanez ex rel. Rosario v. Hartford Healthcare Corp.*, No. 3:03-cv-1202 (GLG), 2003 WL 22389355, at *1 (D. Conn. Oct. 17, 2003) ("Generations receives federal funding from the United States Department of Health and Human Services . . . and . . . at all times relevant hereto, HHS has deemed Generations to be an employee of the United States Public Health Service . . . for purposes of the FTCA. . . . Under such circumstances, the FTCA covers claims against Generations, and the United States stands in the shoes of Generations with respect to those claims." (internal citations omitted)). Accordingly,

5

this is not a case where no publicly available information would have revealed Generations's status or triggered a reason to inquire. *Cf. Santos ex rel. Beato v. United States*, 559 F.3d 189, 203 (3d Cir. 2009) (applying equitable tolling where "the Government [had] not identified . . . any publicly available sources of information from which [the plaintiff] could have learned this critical fact [of the health center's deemed status] or, even if the information had been available, what circumstances should have led her to inquire into [the health center's] federal status for purposes of the FTCA").

A legal malpractice claim may be a possible recourse for a plaintiff caught in the deemed federal employee "trap." *Cf. Arteaga v. United States*, 711 F.3d 828, 834-35 (7th Cir. 2013) ("It's not asking too much of the medical malpractice bar to be aware of the existence of federally funded health centers that can be sued for malpractice only under the Federal Tort Claims Act . . . and if a member of that bar is not aware and misleads a client . . ., the lawyer may be liable for legal malpractice but the government can still invoke the statute of limitations."). We take no position as to whether such a suit would be successful here.

Because we find that the plaintiff is not entitled to equitable tolling, we AFFIRM.[2]

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

---

[2] Nonetheless, we note our concern that the district court contradicted the conclusions of this Court following remand. In our previous opinion in this case, this Court determined that Phillips and his family exercised reasonable diligence in pursuing their claim. *See Phillips*, 723 F.3d at 156 n.9. We respectfully note that the district court overstepped its authority in disagreeing with this Court and substituting its own judgment.