18-3839
Cheddie v. Gregory

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARROL CHEDDIE,
> *Plaintiff-Appellant*,

         v.                    18-3839-cv

TERRY GREGORY,
> *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:               CARROL CHEDDIE, *pro se*, Brooklyn, New York

FOR DEFENDANT-APPELLEE:             No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff Carrol Cheddie, proceeding *pro se*, appeals the district court's judgment, entered December 7, 2018, dismissing her complaint without prejudice for lack of subject matter jurisdiction. Cheddie sued defendant Terry Gregory because he purportedly failed to pay back a $4,000 loan. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79–80 (2d Cir. 2005). Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks omitted). But where it is "legal[ly] certain that the amount recoverable does not meet the jurisdictional threshold," dismissal is warranted. *Id.* (internal quotation marks omitted).

The district court properly dismissed the complaint.   Cheddie alleged damages of only $4,000 plus court costs, well below the statutory requirement of $75,000.   *See* 28 U.S.C. § 1332(a).   Cheddie does not allege any facts suggesting that there were any other foreseeable damages resulting from Gregory's failure to repay the loan.   Further, the complaint does not suggest any other basis for federal jurisdiction, and none is obvious.

We note that, because the complaint was dismissed without prejudice, Cheddie may attempt to proceed with her claims in an appropriate state court.

\*     \*     \*

We have considered all of Cheddie's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3