19-953
Puma Bravo v. Wolf

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty.

PRESENT:

> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––

IVAN LIZANDRO PUMA BRAVO, ANA CECILIA DURAN GUAMAN, SHERLYN IVONNE PUMA DURAN, by her mother and Guardian Ana Cecilia Duran Guaman, NICOLE CECILIA PUMA DURAN, by her mother and Guardian, Ana Cecilia Duran Guaman, MOISES GUERRERO RAMOS, and their 3 USC children, MAURILIA DURAN LUNA, and their 3 USC children, GRISELDA BALTAZAR TREJO, and their 4 USC children, FRANCISCO ESCAMILLA GONZALEZ, and their 4 USC children, CONSTANTINO SALAS BURGUA, and their 3 USC children, MARIA RAFAEL ALVAREZ, and their 3 USC children,

*Plaintiffs-Appellants*,

v.                                                                              19-953

CHAD F. WOLF, Acting Secretary for the U.S. Department of Homeland Security, WILLIAM BIERMAN, Field Office Director, New York, NY U.S Citizenship and Immigration Services, U.S. Department of Homeland Security, MARY BETH KELLER, Chief Immigration Judge Executive Office of Immigration Review, L. FRANCIS CISSNA,

Director U.S. Citizenship and Immigration Services, WILLIAM P. BARR, Attorney General of the United States, FRANK JAMES LOPREST, JR., Chief Immigration Judge, New York District, Executive Office of Immigration Review, New York NY, THOMAS CIOPPA, District Director New York District Office, US Citizenship and Immigration Services, US Department of Homeland Security,

*Defendants-Appellees*.[1]

---

**FOR PLAINTIFFS/APPELLANTS:**      SAUL BERNARD SCHWARZ, Law Office of S. Bernard Schwarz, Esq., PLLC, New York, NY.

**FOR DEFENDANTS/APPELLEES:**      KIRTI VAIDYA REDDY, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Appellants challenge the district court's order dismissing as moot their challenge to a 2017 Department of Homeland Security ("DHS") memorandum which, they allege, foreclosed DHS attorneys' ability to exercise prosecutorial discretion to recommend administrative closure in their removal proceedings. The district court concluded that the challenge was moot because an intervening decision of the Attorney General, *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), stripped immigration judges ("IJs") of the authority to administratively close removal

---

[1] The Clerk of Court of is respectfully directed to amend the caption as set forth above.

2

proceedings, even when DHS recommends closure. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's dismissal for lack of subject matter jurisdiction *de novo*. Fed. R. Civ. P. 12(b)(1); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 79–80 (2d Cir. 2005). A case remains live "as long as the parties have a concrete interest, however small, in the outcome of the litigation" and a court may be able "to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307–308 (2012) (internal quotation marks and alteration omitted). A case becomes moot, and federal courts lack subject matter jurisdiction, when the parties no longer have a "legally cognizable interest" in the outcome of the litigation, rendering the court incapable of granting a judgment that will affect the parties' legal rights. *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979). We conclude that Appellants' challenge to the 2017 DHS memorandum is moot.

The primary injury for which Appellants seek redress is the denial of administrative closure. While the intermediate relief they seek in this case is judicial rescission of the DHS memorandum, that outcome is desirable only in the event that IJs may administratively close removal proceeding. And here, even if the district court agreed with Appellants and enjoined the DHS memo, and DHS prosecutors thereafter decided to recommend closure, plaintiffs would still be stymied by *Castro-Tum*. In other words, Appellants would have to bring—and win—another legal challenge after this one to obtain "effectual" relief. *See Knox*, 567 U.S. at 307.

Appellants' contention that *Castro-Tum* and the DHS memorandum mutually insulate each other from review is without merit. Under *Castro-Tum*, IJs lack authority to administratively close cases. *See* 27 I. & N. Dec. at 292. That has nothing to do with whether DHS recommends administrative closure. As the district court correctly concluded, moreover, Appellants have a

proper avenue to challenge *Castro-Tum*: They may request administrative closure directly from an IJ, who, stripped of his power to assess whether closure is warranted as a matter of discretion, will be bound to deny. *See Castro-Tum*, 27 I. & N. Dec. at 272–73. They can then appeal to the Board of Immigration Appeals to argue that *Castro-Tum* was wrongly decided and petition this Court for review. *See Romero v. Barr*, 937 F.3d 282 (4th Cir. 2019). Indeed, another litigant before this Court is pursuing that course of action. *See Benitez Marquez v. Barr*, No. 18-3460 (2d Cir.).

We recognize that, if the petitioner in *Benitez Marquez* is successful, Appellants' challenge to the 2017 DHS memorandum may no longer be moot. Because the district court's dismissal was without prejudice, Appellants may refile if this Court ultimately overturns *Castro-Tum*. We express no opinion on the viability or merits of such a future case. We likewise express no views regarding either the merits of any defense available to the defendants, or as to whether all of the particular plaintiffs in this action would have standing to challenge the 2017 DHS memorandum in such a future case. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4