24-312-cv
Karman v. U.S. Customs & Border Prot.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

GABOR KARMAN,

*Plaintiff-Appellant*,

v.                                                    No. 24-312-cv

U.S. CUSTOMS AND BORDER PROTECTION,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR APPELLANT:                                  Gabor Karman, *pro se*, St-
                                                 Albert, Ontario, Canada

FOR APPELLEE:                                    No appearance[1]

Appeal from a judgment of the United States District Court for the

Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Gabor Karman, proceeding *pro se*, appeals from a judgment of the United

States District Court for the Northern District of New York (Kahn, *J.*) dismissing

Karman's complaint against United States Customs and Border Protection

("CBP") for failure to state a claim under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346(b).   Karman brought claims under the Fourth and

Fifth Amendments and the FTCA arising from his attempt to cross the border

from Canada into the United States.   The District Court dismissed Karman's

constitutional claims with prejudice and his tort claims under the FTCA with

---

[1] Because the District Court dismissed Karman's complaint pursuant to 28 U.S.C. § 1915(e)(2) prior to its service on the listed defendant, no defendant has appeared in this case, either in the District Court or on appeal.

leave to amend.  *Karman v. U.S. Customs & Border Prot.*, No. 23-CV-345, 2024 WL 123780, at *3 (N.D.N.Y. Jan. 11, 2024).  Instead of amending his complaint as permitted by the District Court, however, Karman filed this timely appeal.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)."  *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).  A district court is required to dismiss a complaint filed by a person who is "unable to afford counsel" if it determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(1), (e)(2)(B)(ii).  *Pro se* submissions are reviewed with "special solicitude" and "must be construed liberally . . . to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (emphasis omitted) (quotation marks omitted).

We conclude that the District Court properly dismissed Karman's complaint.  First, Karman failed to state a claim against CPB under *Bivens,* which affords a remedy against individual federal *officers* but not federal *agencies*.

3

*See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994); *Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 650 (2d Cir. 1998). Here, Karman sued CBP as an entity rather than any of the individual officers who are alleged to have been involved in the events arising at the border. Karman contends that he sued CBP as an agency because it has supervisory and training obligations over its agents, as a police department has over its officers. This argument appears to mistake liability under *Bivens* with municipal liability under 42 U.S.C. § 1983. *See City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978). But *Bivens*, unlike municipal liability under § 1983, does not extend to agencies. *See Polanco*, 158 F.3d at 650. And § 1983 does not apply to *federal* (as opposed to state or local) agencies or officers. *See Arar v. Ashcroft*, 585 F.3d 559, 568 (2d Cir. 2009); *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007).

It is true that in principle Karman could have addressed this problem by amending his complaint to sue "John Doe" agents and then sought in discovery to learn the identities of the agents involved. But the District Court correctly recognized that such an amendment would have been futile. Here, Karman alleges that his Fourth and Fifth Amendment rights were violated when federal

4

border patrol agents searched his car and then detained, interrogated, and fingerprinted him without cause at the United States-Canadian border. The Supreme Court has foreclosed that type of *Bivens* claim on the ground that "Congress is better positioned to create remedies in the border-security context," while "the Judiciary is comparatively ill suited to decide whether a damages remedy against any Border Patrol agent is appropriate." *Egbert v. Boule*, 596 U.S. 482, 494–95 (2022). Accordingly, dismissal with prejudice was appropriate.

The District Court also properly concluded that Karman failed to establish jurisdiction and state a claim for relief under the FTCA. Karman did not allege any facts showing that he exhausted his administrative remedies and thus failed to establish subject matter jurisdiction under the FTCA. *See* 28 U.S.C. § 2675(a) (requiring administrative exhaustion before an FTCA suit may be brought); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (holding that the FTCA's exhaustion "requirement is jurisdictional and cannot be waived"). Karman's FTCA suit is also separately barred because he sued CBP rather than the United States. *See Rivera v. United States*, 928 F.2d 592, 608 (2d Cir. 1991) (holding that under the FTCA "a suit against the United States is the exclusive remedy").

5

We have considered Karman's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court