*Casella v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

---

ROCCO ANEELO CASELLA,

> *Plaintiff-Appellant*,

v.                                                                      No. 14-4462

UNITED STATES OF AMERICA,

> *Defendant-Appellee*.[*]

---

For Plaintiff-Appellant:          MATTHEW D. MCGILL (Sripriya Narasimhan and Andrew B. Davis, *on the brief*), Gibson, Dunn & Crutcher LLP, Washington, DC.

For Defendant-Appellee:          ANNE MURPHY (Mark B. Stern, *on the brief*), *for* Benjamin C. Mizer, Principal

---

[*] The Clerk of Court is directed to amend the caption to conform to the caption above.

Deputy Assistant Attorney General, Washington, DC, and William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Rocco Casella appeals the order of the United States District Court for the Western District of New York (Skretny, *J.*), entered on October 30, 2014, dismissing his complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Casella is a disabled veteran and patient of the Department of Veterans Affairs ("VA") Medical Center in Buffalo, New York, who filed an administrative claim with the VA complaining about his treatment at the Center. After the VA denied his claim, Casella filed a complaint in the United States District Court for the Western District of New York, asserting claims under the Federal Tort Claims Act ("FTCA"), Pub. L. No. 79-601, tit. IV, 60 Stat. 812, 842–47 (1946) (codified as amended in scattered sections of 28 U.S.C.). Casella's claims concern (1) medical malpractice, (2) failure to investigate his administrative claim, (3) access to emergency treatment, and (4) interference with his treatment by a private physician.

On October 30, 2014, the district court granted the government's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *See Casella v. Mersereau*, No. 14-CV-77S, 2014 U.S. Dist. LEXIS 153870, at *1 (W.D.N.Y. Oct. 30, 2014). The district court held that Casella's

medical malpractice claim was time-barred under the FTCA and that the FTCA's time limitation posed a jurisdictional bar to Casella's claim. *See id.* at \*6–8 (relying on *Johnson v. Smithsonian Institute*, 189 F.3d 180, 189 (2d Cir. 1999)). The district court further held that Casella's remaining "claims that the [VA] failed to properly investigate his administrative claim, denied him access to emergency medical care, and interfered with his treatment by a private physician . . . too must be dismissed for lack of subject-matter jurisdiction, because Plaintiff failed to exhaust his administrative remedies." *Id.* at \*8.

On appeal, the government concedes that the district court erroneously dismissed Casella's claims concerning medical malpractice and interference with his treatment by a private physician. First, the government acknowledges that *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015), which held that the FTCA's time limitation is not jurisdictional, abrogated *Johnson*'s jurisdictional holding several months after the district court dismissed Casella's complaint. Accordingly, regardless of whether Casella's medical malpractice claim was timely, the district court unwittingly erred when it held that it lacked jurisdiction to hear the claim.

Moreover, on appeal, the government has not responded to any of Casella's arguments that his claim *was* timely under the continuing tort or continuing treatment tolling doctrines. Instead, it argued, for the first time in its appellate brief, that this claim was unexhausted and that the FTCA's exhaustion requirement, 28 U.S.C. § 2675(a), is a jurisdictional bar that cannot be waived. Prior to oral argument, however, the government conceded that Casella's medical malpractice claim was, in fact, exhausted. Recognizing that it had not raised any other defense of the district court's dismissal of this claim, the government supported Casella's request to remand it. Accordingly, because the government no longer argues that Casella's medical malpractice

3

claim was untimely or unexhausted, we conclude that the district court's dismissal of this claim should be vacated and the claim remanded.

Second, the government also concedes that Casella exhausted his claim regarding interference with his private medical treatment, and it no longer argues that 28 U.S.C. § 2680(h) precludes this claim. Accordingly, because Casella's claim for interference with his private treatment was exhausted, the district court should not have dismissed this claim as unexhausted.[1]

We conclude, however, that the district court properly dismissed Casella's remaining claims concerning access to emergency treatment and failure to investigate his administrative claim. First, Casella does not address the dismissal of his claim regarding emergency treatment. Any argument that Casella may have had concerning the dismissal of this claim is therefore abandoned. *See, e.g.*, *United States v. Zichettello*, 208 F.3d 72, 121 (2d Cir. 2000) ("Ordinarily, failure to include an argument in the appellate brief waives the argument on appeal.").

Second, Casella alleges that the VA failed to properly investigate his administrative claim, thereby violating his due process rights and entitling him to damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But Casella cites

---

[1] Despite the government's concessions, Casella urges this Court to reverse the district court's holding that the FTCA's exhaustion requirement is jurisdictional. *See Casella*, 2014 U.S. Dist. LEXIS 153870, at *8–9 (citing *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005)). Casella correctly notes that recent Supreme Court decisions have cautioned lower courts to be more careful when using the jurisdictional label. *See Kwai Fun Wong*, 135 S. Ct. at 1632; *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006); *Eberhart v. United States*, 546 U.S. 12, 16 (2005); *see also Musacchio v. United States*, 136 S. Ct. 709, 716–17 (2016). And we have revisited some of our prior jurisdictional holdings in light of this recent authority. *See, e.g.*, *Zhong v. United States Dep't of Justice*, 480 F.3d 104, 118–22 (2d Cir. 2006); *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 443–45 (2d Cir. 2006). But because the government concedes that Casella's claims concerning medical malpractice and interference with his private medical treatment were exhausted, we need not reach this issue.

4

no case, and we are aware of none, recognizing a *Bivens* remedy for a federal agency's investigation of an FTCA administrative claim.

"[O]n the assumption that a constitutionally recognized interest is adversely affected by the actions of federal employees, the decision whether to recognize a *Bivens* remedy" requires courts to consider, as a first step, "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Even assuming that Casella has a constitutionally protected interest in the processing of his administrative claim, there exists an alternative process for protecting that interest: The FTCA provides that once an agency denies a claim or fails to dispose of an administrative claim within six months, claimants may proceed to federal court. *See* 28 U.S.C. § 2675(a). Accordingly, whether an agency fails to investigate an administrative claim or does so poorly, claimants may take that claim to court after presenting it to the relevant agency and receiving a denial or no response within a set period of time. We find that process to be a convincing reason to refrain from providing a new and freestanding remedy in damages here. *Cf. Wilkie*, 551 U.S. at 553 ("In sum, Robbins has an administrative, and ultimately a judicial, process for vindicating virtually all of his complaints."); *Schweiker v. Chilicky*, 487 U.S. 412, 420 (1988) (finding no *Bivens* remedy "for alleged due process violations in the denial of social security disability benefits"). We therefore decline Casella's request to remand this claim because amending the complaint would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

For the reasons stated herein, we **AFFIRM** the district court's dismissal of Casella's claims relating to emergency treatment and failure to investigate his administrative claim. But we **VACATE** the district court's dismissal of Casella's claims relating to medical malpractice and

5

interference with his private medical treatment, and we **REMAND** for further proceedings.

Finally, we suggest that, on remand, the district court consider appointing *pro bono* counsel for

Casella. *See, e.g.*, *Willey v. Kirkpatrick*, 801 F.3d 51, 71–72 (2d Cir. 2015).

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>