15-3240-cv
Lassic v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand sixteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

SANDRA LASSIC,

*Plaintiff-Appellant*,

v.                                                                No. 15-3240-cv

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        NKEREUWEM UMOH, Umoh Law Firm, PLLC, Brooklyn, New York.

APPEARING FOR APPELLEE:         JACOB LILLYWHITE, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 14, 2015, is AFFIRMED.

Plaintiff Sandra Lassic appeals an award of summary judgment in favor of defendant United States on Lassic's claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, for medical malpractice, lack of informed consent, and negligent hiring. We review an award of summary judgment de novo and will affirm only if the record, viewed in favor of the non-moving party, shows no genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. See Jackson v. Fed. Express, 766 F.3d 189, 193–94 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Lassic argues that the district court erred in concluding that her complaint was untimely because she qualifies for the Westfall Act exception to the FTCA's two-year statute of limitations. See 28 U.S.C. § 2401(b). The arguments fails on the merits. Under the Westfall Act exception, an FTCA claim that was previously dismissed for lack of exhaustion will be considered timely filed if (1) it "would have been timely had it been filed on the date that the [original] civil action was commenced" and (2) it was "presented to the relevant Federal administrative agency within sixty days after the dismissal of the civil action." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 83 (2d Cir. 2005) (emphasis in original); see 28 U.S.C. § 2679(d)(5). Lassic cannot satisfy either prong.

Lassic initiated this action in state court on May 5, 2012, by filing a medical malpractice complaint against a doctor employed at Hudson River Health Care, Inc. ("Hudson River"). Lassic alleged that the doctor failed properly to diagnose her brain tumor in February 2010. Even assuming, arguendo, that Lassic's FTCA claim did not accrue and the statute of limitations begin to run until Lassic's brain surgery on March 3, 2010, her original May 5, 2012 suit was untimely because it was filed more than two years after that surgery. Accordingly, because Lassic cannot satisfy the first Westfall requirement, the present action, filed on December 17, 2014, is necessarily untimely. See Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d at 83.

In urging otherwise, Lassic argues that her original action was entitled to equitable tolling because (1) she was not aware that Hudson River was a federal health center or its doctor a federal employee; and (2) her claims were timely under applicable New York law. See United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1638 (2015) (holding that "FTCA's time bars are nonjurisdictional and subject to equitable tolling"); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d at 84 (suggesting that equitable tolling might apply to "FTCA suits brought originally in state court by plaintiffs who were unaware that the named tortfeasor was acting as an agent of the United States" where there is disparity between federal and state statutes of limitations). Insofar as the district court denied equitable tolling, we review only for abuse of discretion, which is not evident here. See A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011) (stating standard of review). Lassic has adduced no evidence manifesting either

3

that she could not have discovered the fact with due diligence or that she was prevented from doing so by extraordinary circumstances. See id. at 145 (observing that lawyer investigating possible claim for client needs to investigate, inter alia, "who would be the appropriate parties to sue, and what, if any, restrictions on the time and forum for bringing such a claim might exist"). Indeed, her lawyer's affidavit in the district court states only that he conducted a search in 2013—but by then the two-year federal limitations period had already expired. Accordingly, the district court correctly denied equitable tolling.

Lassic also fails to satisfy the second Westfall requirement because her administrative claim was not received by the Department of Health and Human Services until October 2, 2013, more than 60 days after the district court entered its initial judgment of dismissal on July 31, 2013. See 28 U.S.C. § 2679(d)(5)(B); 45 C.F.R. § 35.2(a) (stating that "claim shall be deemed to have been presented when the Department of Health and Human Services receives . . . an executed Standard Form 95 or other written notification" (emphasis added)). While Lassic's counsel contended at oral argument that his process server had hand-delivered (rather than mailed) the papers to the government agency on the last day, September 30, 2013, in fact no affidavit of service appears in the record. In contrast, the government submitted evidence below that the papers were not received until October 2, 2013. Thus, she fails to demonstrate that the Westfall Act exception excuses her untimely complaint in this action.

4

Finally, for the reasons stated in the district court's thorough and well reasoned opinion, Lassic's claims fail on the merits.

We have considered Lassic's remaining arguments and conclude that they are without merit.  We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court